**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERTA LYNN FRYE,
<u>Plaintiff-Appellant,</u>

and

BARBARA LITTLETON,
<u>Plaintiff,</u>                                           <u>No. 98-1445</u>

v.

BOARD OF EDUCATION OF THE COUNTY
OF OHIO, WEST VIRGINIA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-96-154-5)

Argued: October 30, 1998

Decided: January 21, 1999

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge, and
WILSON, Chief United States District Judge for the Western
District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph Jacob John, II, Wheeling, West Virginia; John J.
Pizzuti, CAMILLETTI, SACCO & PIZZUTI, L.C., Wheeling, West

Virginia, for Appellant. Nancy W. Brown, STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellee. **ON BRIEF:** Karen Kahle, STEPTOE & JOHNSON, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Roberta Lynn Frye brought suit against appellee Board of Education of Ohio County, West Virginia, alleging sexual harassment by her teacher, William D. Hartlieb. Frye pressed claims under federal and state law, seeking monetary damages from the Board. After the jury returned a verdict in favor of the Board on all counts, Frye filed motions for judgment as a matter of law and for a new trial. The district court denied both motions. Frye appeals these denials. We affirm the judgment of the district court.

I.

In the fall of 1992, Frye was a fifteen-year-old sophomore at Wheeling Park High School in Ohio County, West Virginia. She took English from Hartlieb five days a week. Frye alleges that starting in September of that year, Hartlieb began to engage in inappropriate behavior with her while she was in class. For instance, he allegedly told her to wear tighter clothing, shorter skirts, and her hair "natural." In addition, he regularly touched her hair and arm. Similarly, Frye alleges that Hartlieb occasionally would touch her breasts and the inside of her thigh. Hartlieb maintained that he touched Frye in a non-sexual manner in order to offer her positive reenforcement and to motivate her. He testified that Frye misread his intentions.

On October 29, 1992, Frye reported Hartlieb's conduct to another teacher who then took her to George Krelis, Wheeling Park's princi-

pal. Krelis asked Ronald DiLorenzo, Wheeling Park's guidance counselor, to prepare a written statement embodying Frye's complaints for Frye to sign. Krelis simultaneously took steps to begin an investigation of Frye's allegations. For instance, within a week of Frye's complaint, Krelis and Assistant Principal Eric Carder drove to Frye's house to consult with her mother, Barbara Littleton. Littleton indicated that she wanted her daughter switched to another English class. Krelis agreed and moved Frye to another English class at the end of the quarter, seven school days from the day of her complaint. He instructed Frye to contact him if she had any additional problems with Hartlieb. Frye did not contact him.

The Board placed Hartlieb on a "plan of assistance" as a result of Frye's complaint.[1] Frye claims that as a result of Hartlieb's behavior, she suffers from post-traumatic stress disorder.

On October 19, 1994, Frye brought charges under both federal and state law in state court. On October 2, 1996, the Board removed the case to federal district court which then denied Frye's motion to remand. The case went to a jury on Frye's claims under Title IX of the Education Amendments of 1972, 20 U.S.C. #8E8E # 1681-1688, The West Virginia Human Rights Act, W. Va. Code #8E8E # 5-11-1 to -20, and common law negligence. The jury returned verdicts in favor of the Board on all counts. Frye filed motions for judgment as a matter of law and for a new trial. The district court denied the motions. Frye appeals, <u>inter alia</u>, those denials.

II.

Frye argues that the district court erred in denying her motions for judgment as a matter of law and a new trial with respect to her Title IX, West Virginia Human Rights Act, and common law negligence claims. We hold that the jury verdict had substantial support in the evidence.

_____

[1] Ohio County schools utilize several levels of discipline. The first level is a verbal reprimand from a supervisor. The second level is a plan of assistance or plan of improvement. The third level is suspension without pay. The highest level of discipline is dismissal or discharge.

Initially, Frye claims that the district court erred in denying her motions for judgment as a matter of law and a new trial with respect to her Title IX claim. We disagree. In order to hold a school board liable for the sexual harassment of one of its teachers, a plaintiff must demonstrate that the board had actual notice of the harassment and was deliberately indifferent to it. Gebser v. Lago Vista Indep. Sch. Dist., 118 S. Ct. 1989, 1999 (1998). Sufficient evidence supports the conclusion that the Board responded adequately to Frye's complaint.

On the day Frye reported Hartlieb's alleged conduct, Krelis requested that DiLorenzo, the school's guidance counselor, record her version of the events. That same day, Krelis alerted his superiors of the allegation and began to compile the information necessary to complete an investigation. Three school days later, Krelis met with the Board's legal counsel, Arthur Recht, to catalogue the Board's legal options with respect to Hartlieb should the allegations prove true. Within a week's time, Krelis and Carder, Wheeling Park's assistant principal, visited Frye's home to speak directly with her mother. After this meeting, Krelis removed Frye from Hartlieb's class, just seven school days after she filed her complaint. Finally, as a result of Frye's allegations, the Board placed Hartlieb on a behavior modification program. Clearly, substantial evidence supports the conclusion that the Board was not deliberately indifferent to Frye's allegations.

The same evidence supports the district court's denial of Frye's motions with respect to her claim under the West Virginia Human Rights Act. W. Va. Code §§ 5-11-1 to -20. Assuming the Human Rights Act applies in this context, a board's liability for the harassment of one of its teachers depends in large part on the adequacy of its response once it learns of the alleged harassment. See Conrad v. ARA Szabo, 480 S.E.2d 801, 812 (W. Va. 1996). We hold that the Board's response noted above provided the jury with sufficient evidence to decide that it was more than adequate.

Finally, Frye contends that the district court erred in denying her motion with respect to her common law negligence claim. We hold that the evidence of the Board's efforts to investigate Frye's claim,

4

remove her from Hartlieb's classroom, and correct Hartlieb's behavior adequately supports the jury verdict.[2]

III.

The judgment of the district court is therefore

AFFIRMED.

_____

[2] Frye proffers several additional assignments of error. Specifically, Frye claims that the district court erred in prohibiting Frye from introducing evidence concerning the Board's prior discharge of a former guidance counselor; in prohibiting Frye from calling Board counsel, Arthur Recht, as a witness; and in denying Frye's motion to remand to state court on the ground that the Board's removal was untimely. We have fully reviewed these claims and are convinced that each is without merit. We affirm the district court as to each ruling.